AMENDMENT TO COMPLAINT - COLLINS V. FISCHER, ET AL
(15-CV-103-(KAP))

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert A. Collins
   also known as,
God Calif Allah, registered adherent of the Nation of Gods and Earths.

COMPLAINT
Under the Civil Rights
Act, 42 U.S.C. S1983

Defendent Number One

Brian Fischer, Commissioner, New York State Department of Correction and Community Supervision.

Defendent Number Two

William Lee, Superintendent, Green Haven Correctional Facility

Defendent Number Three

New York State Office of Mental Health



Defendent Number Four

New York Police Department
Four A.   Emergency Medical Service
Four B    113th Precinct

Defendent Number Five

Queens Hospital Center

Defendent Number Six

New York City, Department of Environmental Protection

Defendent Number Seven

Downstate Correctional Facility

Defendent Number Eight

Long Island Jewish Hospital

-1-

Defendent Number Nine

Zucker Hillside Hospital


Defendent Number Ten

Flushing Hospital Medical Center


I. Parties in this complaint

Plaintiff

Robert A. Collins, also known as God Calif Allah, N.G.E.


Defendent Number One

Brian Fischer, Commissioner, New York State Department of Correction and Community Supervision.

1220 Washington Avenue
Albany, New York 12226


Defendent Number Two

William Lee, Superintendent, Green Haven Correctional FAcility

Post Office Box 4000
Stormville, New York 12582-4000


Defendent Number Three

New York State Office of Mental Health

Green Haven Correctional Facility, Building Two, Psychiatric Services Unit
Post Office Box 4000
Stormville, New York 12582-4000


Defendent Number Four

New York Police Department

One POlice Plaza
New York, New York 10038

Four A.   Emergency Medical Service

Four B.   113th Precinct

I. Parties in this complaint (cont'd).

Four B.  113th Precinct

167-02 Baisley Boulevard
Queens, New York 11434


Defendent Number Five

Queens Hospital Center

82-68 164th Street
Queens, New York 11432


Defendent Number Six

New York City, Department of Environmental Protection
59-17 Junction Boulevard
Rego Park, New York 11368


Defendent Number Seven

Downstate Correctional Facility
121 REd Schoolhouse Road
Post Office Box 445
Fishkill, New York 12524-0445


Defendent Number Eight

Long Issland Jewish Hospital
270-05 75th Avenue
New Hyde Park, New York 11440


Defendent Number Nine

Zucker Hillside Hospital
75-59 263rd Street
Glen Oaks, New York 11004


Defendent Number Ten

Flushing Hospital Medical Center
45 45th Avenue
Flushing, New York 11356


II.   Statement of Claim

1.  Brian Fischer, Commissioner, New York State Department of Correction and Community Supervision



Defendent Number Eleven

Creedmoore Psychiatric Center

Parties in this complaint

Defendent ~~s~~Eleven

Creedmoore Psychiatric Center
~~79-25 WINCHESTER BOULEVARD~~
~~Glen Oaks, New York~~ QUEENS VILLAGE, NEW YORK 11427

II. Stetement of Claim

A. Creedmoore Psychiatric Center

B. VARIOUS WARDS OF CREEDMOORE COMPLEX

C. 1977-1986

D.
  a. I was forcefully removed from my home, (178-06 119th Road, Jamaica, New York 11434-1924), by the New York Police Department, taKen to Queens Hospital Center, medicated with some 'psychotropic drug' of some sort or another and then transported to Creedmoore Psychiatric Center on numerous occasions, within the above mentioned time frame.  There I was diagnosed as "Paranoid Schizofrenic 'Exacerbated'," a categorization that the Psychologist here in the Intermediate Care Program, Dr. Neubauer, Ph. D., has told me is not even a true diagnosis.  Then when my mother, (the lateElaine Margaret Collins), passed away on November 1, 1986, (she died of a "massive heart attack," despite having no history of heart problems, and was unable to be resuscitated by the Emergency Medical Service personnel, which were summoned by her monozygotic twin sister, (Ms. Evelyn L. Fray), the 'resuscitation efforts' which the family, (myself, the aforementioned Ms. Evelyn Fray, and my younger brother, then still alive David V. Collins), were prevented by the police from witnessing, (we were physically prevented by the police from entering my late mother's bedroom, where the so-called resuscitation efforts were conducted), and left me an inheritance, I was billed by Creedmoore for being in ther 'treatment'.  The bill was in excess of $2,000.00 , which I paid.

    Note-In the same time span, (1977-1986) I had jobs in
~~then~~    Creedmoore, first in 1979-1980 as a Ward's Aide,
         then a Mental Hygience Therapy Aide, for Bernard
         Fineson Developmental Center, located in Building
         Forty of the Creedmoore complex, then again

-4-
-~~26~~-

briefly in (circa), 1986-1987, as a Switchboard Operator, before gaining jobs as a SEcretary/Data Entry Technician, for a program called the Adult Learning Center that operated out of the Voorhee Campus of Ney York City Technical College, (I waorked for the Director of the Program, Mr. Richard Courage), then as an apprentice Sheet Metal Mechanic at New York Sheet Metal Works Company, located in Brooklyn New York.

II.  Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendents named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not tgive legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph..  Attach additional sheets of paper as necessary.

A.  IN what institution did the events gving rise to your claim(s occur?

B.  Where in the institution did the events gving rise to your claim(s) occur?

C.  What date and approximate time did the events gving rise to your claim(s) occur?

D.  Facts:

    a.  What happened to you?
    b.  Who did what?
    c.  Was anyone else involved?
    d.  Who else saw WHAT HAPPENED.

II. Statement of Claim (cont'd).

A. Green Haven Correctional Facility

B. 0A-Block-03 Company-Cell 310
Green Haven Correctional Facility's Psychiatric Service Unit, Building Two

C. September 2012 to January 2013

D. Commissioner Brian Fischer alledges that he was not appealed to, despite me having my Aunt, (Ms. Evelyn L. Fray), write him and apprise him of my grievance against a Correction Officer named Stevens. (Exhibit).

2. Mr. William Lee

A. Green Haven Correctional Facility

B. Green Haven Correctional Facility's Psychiatric Services Unit, Building Two

C. November      2012 02:00 A.M.

D. Transferred to Downstate Correctional Facility from Green
H  Haven at above time. (See Article 78). William Lee, Superintendent, Green Haven Correctional Facility, toured the Psychiatric Service Unit's 'dormitory' and 'tank' areas routinely, and was fully cognizant of the inhumane measures employed by the Office of Mental Health operating in conjunction with the Department of Correction and Community Supervision.

3. Office of Mental Health

A. Green Haven Correction Facility

B. Green Haven Correctional Facility's Psychiatric Service Unit, Building Two.

C. September 2012 to January 2013.

D. See Article 78.

4. New York Police Department

A. Family residence, (178-06 119th Road, Jamaica, New York 11434-1924).

B. Neighborhood in vicinity of family residence.

C. July 1998-April 27, 1999.

II.   Statement of Claim (cont'd).

4D.   On numerous occasions after I returned to my family residence from an Adult Care Facility named Seaport Manor, (Canarsie, Brooklyn), where I had been living from January of 1996 to July of 1998, I was stopped by the police, for no apparent reason.  NO one else was involved because these incidents invariably occurred when I was alone.  On several occasions I was made to surrender by identification.  My driver's licence was run through the computer in a police car.  There should be a record of this in my neighborhood's Precinct, the 113th.

Four A (DErek or 'Derrick' Storey)

A.   Family residence.

B.   Inside above residence.

C.   April 27th, 1999.

D.   Unlawful invasion of family residence by above named Police Officer.

Four B   113th Precinct

A.   Neighborhood of Jamaica, Queens, New York

B.   Street, (119th Road), right outside of family residence.

C.   January 28th, 1999.

D.   UNprovoked attack by then Police Officer, now Sergeant Tacco.


5.

A.   Queens Hospital Center.

B.   Psychiatric section of Emergency Room.

C.   March 4, 1999.

D.   On the above date, I was taken to this hospital, after having 'taken' from my family residence.  The police unlawfully confiscated picture identifications from my wallet, which alos contained one-hundred-ninety-seven dollars cash.  I was given an injection of some substance which rendered me unconscious.  When I came to, I found that I had been transferred to Beth Israel Medical Center, on the East side of downtown Manhattan.  There I was given my wallet, (sans identification photographs), and twelve dollars cash.  Despite having a receipt from Queens Hospital Center for one-hundred-ninety-seven dollars, I have been unable to recover the balance of one-hundred-eighty-five dollars, to this day.

-8- -8-

II.   Statement of Claim (cont'd).
6.

A.   New York City Department of Environmental Protection

B.   My work cubicle on the seventh floor.

C.   Between February and March of 1999.

D.   I was escorted off the premises and told to take my personal property with me, by a security guard armed with a nine-millimeter pistol. I was never lawfully terminated from my position of Assistant Community Liason Representative.


7.

A.   Downstate Correctional Facility

B.   D. Block. Cell 17.

C.   November 2012

D.   Transferred to at 02:00 A.M.  (See Article 78).


8.

A.   Long Island Jewish Hospital.

B.   Surgical facility.

C.   March 16, 1995.

D.   On the above date, my late brother, (David V. Collins), had his thyroid glands removed, irrevokably compromising his immune system. Also when the LIthium he was being given at Zucker Hillside Hospital, (a subsidiary of Long Island Jewish Hospital), caused him to become non-responsive, he was taken by ambulance to this hospital, (Long Island Jewish) on July 24th, 2011.


9.
A.   Zucker Hillside Hospital.

B.   Psychiatric ward.

C.

D.   During the above time frame, my brother, (David V. Collins), was diagnosed as being 'bipolar'. He was treated with Lithium, an experimental drug with respect to its being used as a treatment for individuals who have been deemed 'bipolar' The side effects of that drug treatment ultimately resulted in him becoming non-responsive to verbal efforts to communicate with him, made by my Aunt, (Ms. Evelyn L. Fray), on July 24, 2011.

10.
A.   Flushing Hospital Medical Center

B.   Some ward for the terminally ill.

C.   October 29, 2012 to November 23, 2012.

D.   My brother's supposed treatment for cancer failed to prevent
the  the diseasefrom metastisizing to his kidneys, the failure
     of which organs being what was listed as the cause of his
     death.

III.  Injuries


Downstate Correctional Facility, (December 2001).  Lacerations
on face.  Abrasions tended to and photographed by Downstate
Correctional Facility nurse.

Green Haven Correctional Facility's Psychiatric Service Unit
in Building Two.
November 2012.
Trauma induced by conditions in above unit and method in which
I was dealt with by Psychiatrists, Psychologists, and Social
Workers in Downstate Correctional Facility's D Block.


IV.   Exhaustion of Administrative Remedies.

A.   Did your claims arise while you were confined in jail, pri-
     son, or other correctional facility?

Yes and No.

If yes, name the jail, prison, or other correctional facility
where you were confined in_jail,_prison,_or_other_correctional
at the time of the events giving rise to your claims.

Green Haven Correctional Facility and Downstate Correctional
Facility.

B.   Does the jail, prison, or other correctional facility where
     where your claims arose have a grievance procedure?

Yes.


C.   Does the grievance procedure at the jail, prison or other
     correctional facility where your claims arose cover some
     or all of your claims?

Yes.


D.   Does the grievance procedure at the jail, prison or other
     correctional facility where your claims ⁿ̷arose not cover



IV. Exhaustion of Administrative Remedies (cont'd).

some of your claims?

Yes.

E. Did you file a grievance in the jail, prison, or other correctional facility where your claims arise?

Yes.

F. If you did file a grievance about the elvents described in this complaint, where did you file the grievance?

Green Haven Correctional Facility.

1. Which cliam in this complaint did you grieve?

Claim two.

2. What was the result if any?

Allegations of defendent were affirmed.

3. What steps, if any, did you take to appeal the decision? Describe all efforts to appeal to the highest level of the grievance process.

Appealed to Superintendent, Green Haven Correctional Facility, William Lee. Appealed to Central Office Review Committee. Filed an Article 78. Am currently appealing the Article 78's affirmation.

G. If you did not file a grievance, did you inform any officials of your claims?

N/A.

H. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

None.

V. RElief: State what you want the Court to do for you.

I want the frivolous and spurious allegations of my infractions expunged from my record, (institutional), and the respective hearing officers' finding reversed. I would like to be financially compensated for the items stolen from me byCorrection Officer Stevens, (see Article 78, and Article 78 Appeal, currently pending). I would also like to be financiaLLY COMPENSATED



-11-

IV. Relief (cont'd).

for the time I was confined in the Psychiatric Service Unit, located in Green Haven's Building Two, (for the times I spent there between the months, September 2012 and January 2013) and for the time I spent in Downstate's D-Block in NOvember 2012. I would also greatly appreciate being compensated for the pain, suffering, degradation, and mental anguish, I experienced in the above-mentioned facilities. I would like to be given baCK the one-hundred-eighty-five dollars that 'disappeared' when I was confined in Queens Hospital Center, and Beth Israel Medical Center in March and April 1999. I would like to be compensated for my wrongful dismissal by the New York City Department of Environment Protection in February or March of 1999. Finally, with respect to Defendents Eight through Ten, I would like myself and my family to be compensated for the orchestrated death of my brother, David V. Collins (SEE ATTACHED)

VI. Previous Lawsuits.

A. Have you filed other lawsuits in State or Federal Court, dealing with the same facts involved in this action?

Yes, but only with respect to some fo the facts.

B. If your answer to A is yes, describe each lawsuit in Questions One through Seven.

1. Parties to this previous lawsuit.
Plaintiff

Robert A. Collins, 01A6500.

Defendents

Brian Fischer, Commissioner, New York State Department of Correction and Community Supervision.

William Lee, (now former)Superintendent, Green Haven Correctional Facility.

New York State Office of Mental Health.

2. Court (if Federal Court, name the district; if State Court, name the County.

Federal, Southern District, United States District COURT, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 630, New York, New York 10007

StateNew York State, County of Dutchess

3. Docket or index number:

2041/13

4. Name of Judge assigned to your case:

-12-

V. RELIEF (CONT'D)

I would also like a refund of the 2,000 plus dollars billed me by Creedmore Psychiatric Center, for confinements and "treatment" that were forced on me, with no consent on my part.

VI.  Previous Lawsuits (cont'd). (Question 3/~~cont'd~~/4 Cont'd).

7947/13

The Honorable Maria G. Rosa, JSC.

    5.  Approximate date of filing lawsuit:

January, 2013.

    6.  Is the case still pending?

No.

    7.  If No, give the approximate date of disposition.

Judge Rosa affirmed the defendents allegations, on June 10, 2013.

C.  Have you filed other lawsuits in State or Federal Court otherwise relating to your imprisonment?

Yes.  An Article 78 Appeal, a 440.10 Motion and a Section 1983 in Federal Court, that I am waiting for a case number to be assigned. TO.

Article 78 Appeal

    1.  Same parties as Article 78.

    2.  APPELLATE DIVISION, SUPREME COURT
        Second JUdicial Department
        State of New York
        45 Monroe Place
        Brooklyn, New York 11201.

    3.  Appellate Division Docket #:

2014-01642

    4.  Judge ?  Clerk of Court: Ms. Aprilanne Agostino.

    5.  January, 2014.

    6.  Case still pending.

440.10 Motion

    1. Plaintiff:

Robert A. Collins, 01A6500

    Defendents:

People of the State of New York



- 13 -
~~- 14 -~~

VI. Pending Lawsuits (cont'd).

    2. SUPREME COURT OF THE STATE OF NEW YORK

       County of Queens

    3. Ind/SCI: 1369/99 and 1460-99
       NYSID#: 3118190P

    4. The Honorable Richard L. Buchter

    5. October, 2014.

    6. Have received the District Attorney's Brief and responded with my own. Documents witnessed by three Correction Officers due to temporary unavailability of Notary Public in Green Haven Correctional Facility.

Signed this ~~24th~~ 18th day of ~~December, 2014.~~ FEBRUARY, 2015

I declare under penalty of perjury that the foregoing is true and correct.

                          _Robert A. Collins_
                          Signature of Plaintiff

                          Robert A. Collins
                          Department Identification Number:
                          01A6500
                          Green Haven Correctional Facility
                          Post Office Box 4000
                          Stormville, New York 12582-4000

I declare under penalty of perjury that on this 10TH day of FEBRUARY 2015, I will deliver this complaint to prison authorities to be mailed to the Pro SE Office of the United States District Court for the Southern District of New York.

*Robert A. Collins* (signature)
Signature of Plaintiff

Robert A. Collins 01A6500

GREEN HAVEN CORRECTIONAL FACILITY
P.O. BOX 4000
STORMVILLE, NEW YORK 12582-4000

NAME: Robert A. Collins DIN: 01A6508

GREENHAVEN
CORRECTIONAL FACILITY

U.S.M. SDNY

United States District Court
Southern District of New York
Pro Se Office
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 230
New York, New York 10007

RECEIVED
2015 FEB 18 PM 3:50
S.D.N.Y. PRO SE OFFICE