RECEIVED
SDNY PRO SE OFFICE
2015 APR 10 A 11: 39

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT A. COLLINS, ALSO KNOWN AS GOD CALIF ALLAH, REGISTERED ADHERENT OF THE NATION OF GODS AND EARTHS

*(In the space above enter the full name(s) of the plaintiff(s).)*

**SECOND AMENDED COMPLAINT**

under the Civil Rights Act, 42 U.S.C. § 1983

**-against-**

1. BRIAN FISCHER, COMMISSIONER, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
2. WILLIAM LEE (FORMER) SUPERINTENDENT, GREEN HAVEN CORRECTIONAL FACILITY
3. THE CITY OF NEW YORK
4. QUEENS HOSPITAL CENTER (SEE ATTACHED)

Jury Trial: ☐ Yes ☐ No (check one)

___ Civ. _________ ( )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4/9/2015

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's
Name ROBERT A. COLLINS
ID# 01A6560
Current Institution GREEN HAVEN CORRECTIONAL FACILITY
Address POST OFFICE BOX 4000
STORMVILLE, NEW YORK 12582-4000

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name BRIAN FISCHER, COMMISSIONER, DOCCS Shield # ______
Where Currently Employed STATE OF NEW YORK
Address 1220 WASHINGTON AVENUE
ALBANY, NEW YORK 12226

Defendant No. 2 Name William Lee, (Former) Superintendent Shield #
Where Currently Employed Green Haven Correctional Facility
Address Post Office Box 4000
Stormville, New York 12582-4000

Defendant No. 3 Name The City of New York Shield #
Where Currently Employed
Address

Who did what?

Defendant No. 4 Name Queens Hospital Center Shield #
Where Currently Employed
Address 82-68 164th Street
Queens, New York 11432

Defendant No. 5 Name Long Island Jewish Hospital Shield #
Where Currently Employed
Address 270-05 76th Avenue
New Hyde Park, New York 11040
(See Attached)

**II. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?
(See Attached)

B. Where in the institution did the events giving rise to your claim(s) occur?

C. What date and approximate time did the events giving rise to your claim(s) occur?

D. Facts:

What happened to you?

Was anyone else involved?

Who else saw what happened?

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

(SEE ATTACHED).

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No ____ YES AND NO.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

(SEE ATTACHED)

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ✓ No ____ Do Not Know ____

If YES, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

GREEN HAVEN CORRECTIONAL FACILITY

1. Which claim(s) in this complaint did you grieve?

CLAIM TWO -

2. What was the result, if any?

ALLEGATIONS OF CORRECTION OFFICER STEVENS AFFIRMED BY SUPERINTENDENT LEE.

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

APPEALED TO CENTRAL OFFICE REVIEW COMMITTEE

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies:

N/A NONE.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). (SEE ATTACHED)

VI. **Previous lawsuits:**

**On these claims**

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ✓ No BUT ONLY WITH RESPECT TO SOME OF THE FACTS.

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ROBERT A. CORRIGAN-CLASSON
Defendants BRIAN FISCHER, WILLIAM LEE, ET AL

2. Court (if federal court, name the district; if state court, name the county) NEW YORK STATE-COUNTY OF DUTCHESS.

3. Docket or Index number 2041/13.

4. Name of Judge assigned to your case HON. MARIA G. ROSA

5. Approximate date of filing lawsuit JANUARY 2013

6. Is the case still pending? Yes ____ No ✓

If NO, give the approximate date of disposition ____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) JUDGE ROSA AFFIRMED DEFENDANTS ALLEGATIONS ON JUNE 18, 2013.

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ✓ No ____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff (SEE ATTACHED).
Defendants ____

2. Court (if federal court, name the district; if state court, name the county) ____

3. Docket or Index number ____

4. Name of Judge assigned to your case ____

5. Approximate date of filing lawsuit ____

6. Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition ____________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ____________________

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 3RD day of APRIL, 2015.

Signature of Plaintiff Robert G. Collins
Inmate Number 01A6500
Institution Address GREEN HAVEN C.F.
POST OFFICE BOX 4000
STORMVILLE, N.Y.
12582-4000.

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 3RD day of APRIL, 2015 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Robert G. Collins

15-CV-0103 (LAP) SECOND AMENDED COMPLAINT

-AGAINST- (CONT'D).

5. LONG ISLAND JEWISH HOSPITAL
6. ZUCKER HILLSIDE HOSPITAL
7. FLUSHING HOSPITAL MEDICAL CENTER

I. PARTIES IN THIS COMPLAINT (CONT'D). 15-CV-0103 (LAP)
SECOND AMENDED COMPLAINT

DEFENDANT NO. 6
ZUCKER HILLSIDE HOSPITAL
75-59 263RD STREET
GLEN OAKS, NEW YORK 11004

DEFENDANT NO. 7
FLUSHING HOSPITAL MEDICAL CENTER
45 45TH AVENUE
FLUSHING, NEW YORK 11356

SECOND AMENDED COMPLAINT

I. STATEMENT OF CLAIM (CONT'D), S.D. (15-CV-0103 (LAP))

ON THURSDAY, NOVEMBER 1, 2012, I WAS WAITING ON LINE IN B AND C CORRIDOR, (GREEN HAVEN CORRECTIONAL FACILITY) TO BE ESCORTED TO BUILDING TWELVE FOR MY P.M. VOCATIONAL CLASS OF COMPUTER REPAIR. I WAS TOLD BY A CORRECTION OFFICER THAT I HAD A CALL-OUT TO SEE MS. J. MORRAS, ONE OF THE THERAPISTS WORKING IN BUILDING TWO, THE UPPER FLOOR OF WHICH HOUSES GREEN HAVEN CORRECTIONAL FACILITY'S PSCHIATRIC SERVICES UNIT.

ARRIVING IN BUILDING TWO, I WAS STRIPPED OF MY CLOTHES BY THE CORRECTION OFFICERS PROVIDING SECURITY THERE, AND THEN CONFINED IN ONE OF THE CELLS, (REFERRED TO AS TANKS). IN THOSE CELLS, THERE ARE BRIGHT FLUORESCENT LIGHTS THAT ARE KEPT ON TWENTY-FOUR HOURS A DAY. I WAS FORCED, IN LIEU OF CLOTHES, TO WEAR A SMOCK THAT FASTENED WITH VELCRO STRAPS. I WAS MADE TO EAT MY MEALS WITHOUT ANY TYPE OF EATING UTENSIL. AS IT WAS OCTOBER AND I HAD NO CLOTHES, IT WAS VERY COLD IN THE CELL.

I WAS KEPT IN THE TANK UNTIL NOVEMBER 4, 2012, AND THEN AT 02:00 A.M. IN THE MORNING, TRANSFERRED TO DOWNSTATE CORRECTIONAL FACILITY. MY CLOTHES, WHICH HAD BEEN RETURNED TO ME FOR THE TRIP TO DOWNSTATE FROM GREEN HAVEN, WERE AGAIN TAKEN AND I WAS CONFINED IN CELL SEVENTEEN OF DOWNSTATE'S D-BLOCK.

SECOND AMENDED COMPLAINT

2D. (CONT'D). 15-CV-0103(LAP) II. STATEMENT OF CLAIM

ON MONDAY, NOVEMBER 5, 2012, I WAS SEEN BY A PSYCHIATRIST AND SOCIAL WORKER AT DOWNSTATE CORRECTIONAL FACILITY. AT THE END OF THE INTERVIEW MY CLOTHES WERE RETURNED TO ME.

ON TUESDAY, NOVEMBER 6, 2012 I WAS AGAIN INTERVIEWED BY A PSYCHIATRIST NAMED ESPIRITO. I SPENT WEDNESDAY IN CELL D-SEVENTEEN.

ON THURSDAY, NOVEMBER 8, 2012, I WAS RETURNED TO GREEN HAVEN CORRECTIONAL FACILITY AND SENT TO MY CELL IN A-BLOCK, (OA-03-310). LATER THAT DAY, I WAS AGAIN SUMMONED TO THE PSYCHIATRIC SERVICES UNIT IN GREEN HAVEN'S BUILDING TWO. I WAS TOLD BY A PSYCHIATRIST THAT SINCE I HAD BEEN OUTSIDE THE INSTITUTION AND RETURNED, I HAD TO UNDERGO A PERIOD OF OBSERVATION AND MEDICATION COMPLIANCE. ON THIS OCCASION, I WAS CONFINED IN A FOUR-BED ARRANGEMENT, THAT IS REFERRED TO AS THE PSYCHIATRIC SERVICES UNIT 'DORMITORY'. I REMAINED THERE UNTIL NOVEMBER 15, 2012, WHEN I WAS RELEASED TO MY REGULAR CELL IN A-BLOCK, (OA-03-310).

ON DECEMBER 7, 2012, I WAS AGAIN TAKEN TO THE PSYCHIATRIC SERVICE UNIT IN GREEN HAVEN'S BUILDING TWO. I WAS CONFINED IN TANK (CELL) TWO. I WAS RELEASED ON MONDAY, DECEMBER 10, 2012, AND RETURNED TO MY CELL (310) IN A-BLOCK'S THREE COMPANY.

ON DECEMBER 18, 2012, I WAS KEEPLOCKED AND GIVEN A TIER III INFRACTION BY A CORRECTION

SECOND AMENDED COMPLAINT

2D. (CONT'D). 15-CV-0103(LAP) II. STATEMENT OF CLAIM

OFFICER WHO WORKS PRIMARILY THE 07:00 HOUR TO 15:00 HOUR TOUR. HIS SURNAME IS STEVENS AND HE IS REGULARLY POSTED TO OA-BLOCK'S THREE COMPANY. ON DECEMBER 21, 2012, I APPEARED AT A HEARING FOR THAT INFRACTION. THE HEARING OFFICER WAS ASSISTANT DEPUTY SUPERINTENDENT, PROGRAMS, LAWRENCE O'NEILL. I PLED NOT GUILTY TO THE INFRACTIONS LEVELLED AGAINST ME BY CORRECTION OFFICER STEVENS.

AFTER THE HEARING, THE ESCORT OFFICER, CORRECTION OFFICER MARTIN TOOK ME BACK TO THE PSYCHIATRIC SERVICE UNIT. I WAS CONFINED IN TANK TWO FOR THREE DAYS. FOR THREE MORE DAYS I WAS CONFINED IN THE PSYCHIATRIC SERVICES UNIT'S 'DORMITORY' (BED ONE). I WAS THEN AGAIN PLACED IN A TANK (THREE) FOR ~~[illegible]~~ THREE DAYS. FINALLY ON DECEMBER 31, 2012 I WAS RELEASED TO CELL 310 ON A-BLOCK'S THREE COMPANY. I WAS STILL KEEPLOCKED.

ON TUESDAY, JANUARY 1, 2013, I WAS TAKEN BACK TO THE PSYCHIATRIC SERVICE UNIT. I WAS RELEASED ON FRIDAY, JANUARY 4, 2013.

IN DECEMBER 2012, I FILED A GRIEVANCE FOR HARASSMENT AGAINST CORRECTION OFFICER STEVENS. IT IS TO THIS GRIEVANCE AND THE ABOVE DETAILED CONFINEMENTS IN GREEN HAVEN'S PSYCHIATRIC SERVICE UNIT IN BUILDING TWO TO WHICH I ALLUDE IN MY COMPLAINTS AGAINST COMMISSIONER FISCHER AND WILLIAM LEE.

15 CV 0103 (KMK)

SECOND AMENDED COMPLAINT

Defendant Number ~~Nine~~ SIX

Zucker Hillside Hospital
75-59 263rd Street
Glen Oaks, New York 11004

Defendant Number ~~Ten~~ SEVEN

Flushing Hospital Medical Center
45 45th Avenue
Flushing, New York 11356

~~Defendant Number Eleven~~ (OMIT)

~~Creedmoore Psychiatric Center~~
~~79-25 Winchester Boulevard~~
~~Queens Village, New York 11427~~

II. Statement of Claim

State as briefly as possible the facts of your case. Describe how each of the defendents named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further detai~~l~~ls such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to alle~~d~~ge a number of related claims, number and set fort~~h~~h each claim in a separate paragraph. Atta~~c~~ch additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?

B. Where in the institution did the events giving rise to your claim(s) occur?

C. What date and approximate time did the events giving rise to your cliam(s) occur?

Facts

a. What happened to you?

b. Who did what?

c. Was anyone else involved?

d. Who else saw what happened?

1. Brian Fischer, Commissioner, New York State Depqrtment of Correction and Connunity Supervision.

A. Green Haven Correctional Facility - GREEN CORRECTION OFFICER STEVENS

15-CV-0103(CAP)

II. Statement of Claim (cont'd). SECOND AMENDED COMPLAINT

B. OA Block-03 Company-310 Cell
Green Haven Correctional Facility's Psychiatric Service Unit, Building Two.

C. September 2012 to January 2013.

D. Commissioner Brian Fischer alleges that he was not appealed to, despite me having had my Aunt, (Ms. Evelyn L. Fray), wirte him and apprise him of my grievance against Correction Officer Stevens. (Exhibit) ~~My Article 78 was dismissed because I failed to exhaust my administrative remedies.~~

2. Mr. William Lee

A. Green Haven Correctional Facility

B. Green Haven Correctional Facility's Psychiatric Services Unit, Building Two

C. November 2012, 02:00 A.M.

D. I was transferred to Downstate Correctional Facility from Green Haven Correctional Facility at the above time. (~~See Article 78~~). Mr. William Lee, (former) Superintendent Green Haven Correctinal Facility, toured the Psychiatric Unit's 'dormitory' and 'tank' areas routinely, and was fully cognizant of the inhumane measures employed by the Office of Mental Health operating in conjunction with the Department of Correction and Community Supervision.

~~3. New York State Office of Mental Health~~ (OMIT)

~~A. Green Haven Correctional FAcility~~

~~B. Green Haven Correctional FAcility's Psychiatric Service Unit, Building Two.~~

~~C. September 2012-January 2013.~~

~~D. See Article 78.~~

3. The City of New York

3A (New York Police Department ~~(City of New York)~~

A. Family residence, (178-06 119th Road, Jamaica, New York 11434).

B. Neighborhood in vicinity of family residence.

C. July 1998-April 27, 1999.

D. ON numerous occasions, after I returned to my family residence

15-CV-0103(LAP)

II. Statement of Claim (cont'd). SECOND AMENDED COMPLAINT

from an Adult Care FAcility named Seaport Manor, (Canarsie, Brooklyn, New York), where I had been living from January of 1996 to July of 1998, I was stopped by the police, for no apparent reason. No one else was involved, because invariably these incidents occurred when I was alone. ON several occasions I was made to surrender my identification. MY driver's licence was run through the computer in a police car. There should be a record of this in my neighborhood's precinct, the 113th.

3 A. i. r A(re: Derek or "Derrick" Storey)

A. Family residence.

B. Inside above residence.

C. April 27, 1999.

D. Unlawful invasion of faimily residence by above named Police Officer.

3 A. ii. ~~Four~~ 113th Precinct

A. Neighborhood of Jamaica, Queens, New York.

B. Street, (119th Road), right outside of family residence.

C. January 28, 1999.

D. Unprovoked attack by then Police Officer, now Sergeant Tacco.

4 ~~B~~. Queens Hospital Center.

A. Queens Hospital Center.

B. Psychiatric section of Emergency room/

C. March 4, 1999.

D..ON the above date, I was taken to this hospital, after having been taken from my family residence. The Police unlawfully confiscated picture identifications from my wallet, which also contained one-hundred-ninety-seven dollars cash. I was given an injection of some substance which rendered me unconscious. When I came to, I found that I had been transferred to Beth Israel Medical Center, on the EAst side of downtown Manhattan. There I was given my wallet, (sans identification photographs), and twelve dollars cash. Despite having a receipt from Queens Hospital Center fro one-hundred-ninety-seven dollars, I have been unable to recover the balance of one-hundred-eighty-five dollars, to this day.

3 B. New York City Department of Environmental Protection

15-CV-0103(LAP)

SECOND AMENDED COMPLAINT

II. Statement of Claim (cont'd).

3B.

A. New York City Department of Environmental Protection

B. My work cubicle on the seventh floor.

C. Between February and March 1999.

D. I was escorted off the premises and told to take my personal property with by by a security guard armed with a nine millimeter pistol. I was never lawfully terminated from my position of Assistant Community LIason Representative.

~~7. Downstate Correctional Facility.~~ (Omit)

A. Downstate Correctional FAcility.

B. D-Block, Cell 17.

C. November 2012.

D. Transferred to at 02:00 A.M. (See Article 78).

5. ~~8~~. Long Island Jewish Hospital.

A. Long Island Jewish Hospital.

B. Surgical facility.

C. March 16, 1995.

D. On the above date, my late brother, (David V. Collins), had his thyroid glands removed, irrecovably comprising his immune system. Also when the LIthium he was being given at Zucker Hillside Hospital, (a subsidiary of Long Island Jewish Hospital), caused him to become non-responsive, he was taken by ambulance to this hospital, (Long Island Jewish), on July 24, 2011.

6. ~~9~~. Zucker Hillside Hospital.

A. Zucker Hillside Hospital.

B. Psychiatric ward.

C. July 26, 19~~9~~94-July 24, 2011.

D. My late brother, (David V. Collins), was diagnosed as being 'bipolar'. He was treated with Lithium, an experimental drug, with repsect to its being used as a treatment for individuals who have deemed 'bipolar'. The side-effects of that drug treatment, ultimately resulted in him becoming non-responsive to verbal efforts to communicate with him, made by my Aunt, (Ms. Evelyn L. Fray), on July 24, 2011.

15-CV-0103(CAP)

SECOND AMENDED COMPLAINT

II. STATEMENT OF CLAIM (CONT'D).

7. FLUSHING HOSPITAL MEDICAL CENTER
A. FLUSHING HOSPITAL MEDICAL CENTER
B. SOME WARD FOR THE TERMINALLY ILL.
C. OCTOBER 29, 2012 TO NOVEMBER 23, 2012
D. MY BROTHER'S, (DAVID V. COLLINS), SUPPOSED TREATMENT FOR CANCER, FAILED TO PREVENT THE DISEASE FROM METASTASIZING TO HIS KIDNEYS, THE FAILURE OF WHICH ORGANS BEING WHAT WAS LISTED AS THE CAUSE OF HIS DEATH.

15-CV-0103(RAP)

IV. Exhaustion of Remedies (cont'd). SECOND AMENDED COMPLAINT

F. If you did file a grievance about the events described in this complaint, where did you file the grievance?

Greenhaven Correctional FAcility.

1. Which claim in this complaint did you grieve?

Claim Two.

2. What was the result, if any,

Allegations of defendent were affirmed.

3. What steps, if any, did you take to appeal the decision? Describe all efforts to appeal to the highest level of the grievance process.

Appealed to Superintendent, Greenhaven Correctional Facility, (then), William Lee. Appealed to Central Office Review Committee. Filed an Article 78. Am currently appealing the Article 78's affirmation.

G. If you did not file a grievance, did you inform any official of your claims?

Not applicable.

H. Please set forth any additional information that is relevant to the elxhaustion of your administrative remedies.

None.

V. RElief: State what you want the court to do for you.

I want the frivolous and spurious allegations of my infractions expunged from my institutional records, and the respective hearing officers' findings reversed. I would like to be financially compensated for the items stolen from me by Correction Officer Stevens. (See Article 78). I would also like to be financially compensated for the time I was confined in the Psychiatric Service Unit located in Greenhaven's Building Two, (for the times I spent there between the months of September 2012 and January 2012), and for the time I spent in Downstate's D-Block in NOvember 2012. I would also greatly appreciate being compensated for the pain, suffering, degradation, and mental anguish I experienced in the above-mentioned facilities. I would like to be given back the one-hundred-eighty-five dollars that disappeared when I was confined in Queens Hospital Center and Beth Israel Medical Center in March and April of 1999. I would like to be compensated for my wrongful dismissal by the New York City Department of Environmental Protection, in

15-CV-0103(CAP)

SECOND AMENDED COMPLAINT

V. RELIEF (CONT'D).

FEBRUARY OR MARCH OF 1999. FINALLY, WITH RESPECT TO DEFENDANTS FIVE THROUGH SEVEN, I WOULD LIKE MYSELF AND MY FAMILY TO BE COMPENSATED FOR THE ORCHESTRATED DEATH OF MY BROTHER, THE LATE DAVID V. COLLINS

15-CV-0103(KMK)

II. Statement of Claim (cont'd). SECOND AMENDED COMPLAINT

~~gaining employment as an Apprentice Sheet Metal Mechanic at New York Sheet Metal Works Incorporated in Brooklyn, New York.~~

III. Injuries

~~Downstate Correctional Facility, (December, 2001). Lacerations on face. Abrasions tended to and photographed by Downstate Correctional Facility nurse.~~ Greenhaven Correctional Facility-(November, 2012). Trauma induced by conditions in Grenhaven Correctional FAcility's Psychiatric Service Unit in Building Two, and methods in which I was dealt with by Psychiatrists, Psychologists, and Social Workers in Downstate Correctional Facility's D-Block.

IV. Exhaustion of Administrative Remedies.

A. Did your claims arise while you were confined in jail, prison or other correctional facility?

Yes and no.

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your cliams.

Greenhaven Correctional Facility and Downstate Correctional Facility.

B. Does the jail, prison, or other correctional facility where your claims arose have a grievance procedure?

Yes.

C. Does the grievance procedure at the jail, prison or toher cocorrect ional facility where your claims arose cover some or all of your claims?

Yes.

D. Does the grievance procedure at the jail, prison or other correctional facility where your claims arose not cover some of your claims?

Yes.

E. Did you file a grievance in the jail, prison, or other correctional facility where your claims arise?

Yes.

15-CV-0103 (RAP)

VI. Previous Lawsuits (cont'd). SECOND AMENDED COMPLAINT

G. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes. An Article 78 Appeal and a 440.10 Motion.

Article 78 Appeal

1. Same parties as Article 78.

2. APPELLATE DIVISION, SUPREME COURT.
Second Judicial Department
State of New York
45 Monroe Place
Brooklyn, New York 11201.

3. Appellate Division Docket #:

2014-01642.

4. Judge
?. Clerk of Court: Ms. Aprilanne Agostino.

5. January, 2014.

6. Case still pending.

440.10 Motion

1. Plaintiff:
Robert A. Collins.

Defendents
People of the State of New York

2. Supreme Court of the State of New York, County of Queens.

3. Ind/SCI: 1369/99 and 1460-99 NYSID#: 3118190P.

4. The Honorable Richard L. Buchter.

5. October, 2014.

6. ~~Case pending.~~ No. 2, MOTION DENIED. MARCH 2, 2015.

Signed this ~~4th~~ 3rd day of ~~March~~ April 2015. I declare under penalty of perjury that the foregoing is true and correct.

Robert A. Collins
Signature of Plaintiff

ROBERT A. COLLINS
GREEN HAVEN C.F.
POST OFFICE BOX 4000
STORMVILLE, N.Y.
-12-14- 12582-4000

15-CV-0103(CAP)

SECOND AMENDED COMPLAINT

WITH RESPECT TO TIMELINESS

I WAS ARRESTED FOR THE CRIMES FOR WHICH I AM NOW INCARCERATED THE DAY AFTER MY FORTY-SEVENTH BIRTHDAY, ON APRIL 27, 1999. THE DATES OF MY COMPLAINTS AGAINST THE CITY OF NEW YORK, (3A) THE NEW YORK POLICE DEPARTMENT, 3Ai. THE EMERGENCY MEDICAL SERVICES, 3Aii. THE 113TH PRECINCT, AND 3B. THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, ALL OCCURRED AROUND THAT DATE. AT THE TIME OF MY TRIAL I MENTIONED THESE MATTERS TO MY ASSIGNED COUNSEL, 18B LAWYER HAROLD EHRENTREU, AND WAS TOLD TO FORGET ABOUT THESE MATTERS AS THEY WERE IRRELEVANT.

BETWEEN MY 1999 ARREST FOR THESE CHARGES AND ME FINISHING PAROLE FOR MY LAST FELONY OFFENCE, MORE THAN SEVENTEEN YEARS ELAPSED. WITHIN THAT TIME FRAME I HAD NUMEROUS JOBS. I GOT THE JOB AT THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, INITIALLY AS THE WORK COMPONENT OF A DATA-ENTRY TRAINING PROGRAM I ENROLLED IN SPONSORED BY THE VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES. AT FIRST MY CHECKS WERE ISSUED BY V.E.S.I.D., BUT AFTER A YEAR OF SUCH WORK, (1997), I WAS HIRED BY THE CITY AS AN ASSISTANT COMMUNITY LIASON REPRESENTATIVE. TO SECURE THIS POSITION, I HAD TO DIVULGE MY CRIMINAL

15-CV-0103 (LAP)

SECOND AMENDED COMPLAINT

BACKGROUND, A REQUIREMENT WITH WHICH I DUTIFULLY COMPLIED.

MINUS THE TIMES I HAVE BEEN INCARCERATED, AND A PERIOD BETWEEN 1996 AND MID-1998 WHEN I LIVED AT AN ADULT CARE FACILITY IN CANARSIE, BROOKLYN, NEW YORK, I HAVE RESIDED AT MY FAMILY RESIDENCE, (17806 116TH ROAD, JAMAICA, NEW YORK 11434-1924) SINCE SEPTEMBER OF 1965. WHEN I WAS PAROLED IN 1975 AND AGAIN IN 1982, I KNOW, THE FACT OF MY HAVING BEEN IN PRISON, HAD TO HAVE BEEN COMMUNICATED TO THAT NEIGHBORHOOD'S PRECINCT, THE 113TH. I RETURNED TO MY FAMILY RESIDENCE FOR BOTH PAROLES. THE NUMEROUS STOP AND FRISKS, AS WELL AS THE HOME INVASIONS THAT I REFERENCED IN MY INITIAL COMPLAINT, ALL I BELIEVE, STEM FROM THE FACT, THAT THE POLICE IN THAT NEIGHBORHOOD, KNEW THAT I HAD A RECORD.

IN REGARDS TO DEFENDENTS FIVE AND SIX, MY REASONS FOR INCLUDING THEM IN MY COMPLAINT WERE THAT THEY HAD CUSTODY AND CARE OF MY BROTHER, THE LATE DAVID V. COLLINS, IN AN UNBROKEN SPAN OF TIME BETWEEN 1994, AND THE DAY HE SUFFERED HIS DEMISE ON NOVEMBER 23, 2012. IT IS MY CONTENTION THAT THE SO-CALLED TREATMENT HE RECEIVED AT THOSE HOSPITALS, WERE THE CAUSE OF HIS DEATH.

NEW YORK STATE

GREEN HAVEN CORRECTIONAL FACILITY
P.O. BOX 4000
STORMVILLE, NEW YORK 12582-4000

NAME: Robert A. Collins DIN: 01A6560

FIRST-CLASS MAIL
neopost
04/08/2015
US POSTAGE $00.61
ZIP 12582

USM P3 SDNY

RECEIVED
SDNY PRO SE OFFICE
2015 APR 10 A 11:34

Clerk
United States District Court
Southern District of New York
The Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

10007131316