UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT A. COLLINS,

                Plaintiff,

        v.

BRIAN FISCHER, et al.,

                Defendants.

15-CV-103 (KMK)

OPINION & ORDER

Appearances:

Robert A. Collins
Stormville, NY
*Pro Se Plaintiff*

Ben N. Kuruvilla, Esq.
Corporation Counsel of the City of New York
New York, NY
*Counsel for Defendant City of New York*

Tucker C. Kramer, Esq.
Heidell, Pittoni, Murphy & Bach, LLP
New York, NY
*Counsel for Defendant Queens Hospital Center*

KENNETH M. KARAS, District Judge:

      Plaintiff Robert A. Collins ("Plaintiff"), currently incarcerated at Green Haven Correctional Facility ("Green Haven"), brings this pro se Action under 42 U.S.C. § 1983, against Brian Fischer, Commissioner of Department of Correction and Community Supervision ("Fischer"), William Lee, Former Superintendent of Green Haven ("Lee"), Downstate Correctional Facility, Queens Hospital Center, Long Island Jewish Hospital, Zucker Hillside Medical Center, Flushing Hospital Medical Center, Creedmore Psychiatric Center, New York State Office of Mental Health, New York City Police Department, and New York City Department of Environmental Protection, (collectively, "Defendants"), alleging that Defendants

violated his constitutional rights.[1] Before the Court are Motions To Dismiss on behalf of Defendants the City of New York (the "City") and Queens Hospital Center (the "Motions"). (Dkt. Nos. 31, 36.)[2] For the reasons to follow, the Motions are granted.

## I. Background

### A. Factual Background

The following facts are drawn from Plaintiff's Second Amended Complaint ("SAC") and are taken as true for the purpose of resolving the instant Motions.[3] As all Defendants do not join in the instant Motions, the Court only recounts facts relevant to the alleged conduct of the moving Defendants.

"[O]n numerous occasions" from July 1998 to April 27, 1999, Plaintiff "was stopped by the police, for no apparent reason." (Second Am. Compl. ("SAC") 14–15 (Dkt. No. 11).) On each of these occasions, "[n]o one else was involved" and Plaintiff "was alone." (*Id.* at 15.) "On

---

[1] Pursuant to an Order To Amend issued by then-Chief Judge Loretta A. Preska, Plaintiff's claims against Creedmore Psychiatric Center, New York State Office of Mental Health, and Downstate Correctional Facility were dismissed as barred by the Eleventh Amendment. (*See* Order To Amend 6 (Dkt. No. 7).) Plaintiff's claims against Long Island Jewish Hospital, Zucker Hillside Medical Center, and Flushing Hospital Medical Center were dismissed for failure to state a claim as these Defendants are private facilities and not proper defendants to an action under § 1983. (*See id.* at 7.)

Further, pursuant to Judge Preska's instruction, (*see id.* at 7–8), Plaintiff substituted the City of New York for the New York City Police Department and the New York City Department of Environmental Protection in his Second Amended Complaint, (*see* Dkt. No. 11).

[2] In a memo endorsement dated March 9, 2017, the Court issued a briefing schedule as to Defendants Fischer's and Lee's proposed motion to dismiss. (*See* Dkt. No. 41.) Defendants Fischer and Lee therefore do not join in the instant Motions, and the forthcoming motion will be the subject of a separate opinion.

[3] The Court notes that despite the fact that it is titled Plaintiff's "Second Amended Complaint," Plaintiff's SAC's is actually his third amendment. (*See* Dkt. Nos. 1, 6, 9, 11.) The SAC consists of an "Amended Complaint" form and both type-written and handwritten attachments. Citations to page numbers in the SAC refer to the ECF-generated page numbers listed at the top of the document.

2

several occasions[,] [Plaintiff] was made to surrender [his] identification," and his license was then "run through the computer in a police car." (*Id.*)

Plaintiff alleges that on January 28, 1999, he suffered an "[u]nprovoked attack by then Police Officer, now Sergeant Tacco" and on April 27, 1999, he was the victim of an "[u]nlawful invasion of [his] family residence" by "Derek or Derrick Storey." (*Id.* (internal quotation marks omitted).)[4]

On March 4, 1999, Plaintiff was taken to Queens Hospital Center, "after having been taken from [his] family residence." (*Id.*) "The [p]olice unlawfully confiscated picture identifications from [Plaintiff's] wallet, which also contained [$197] cash." (*Id.*) Upon arrival at Queens Hospital Center, Plaintiff "was given an injection of some substance which rendered [him] unconscious," and "[w]hen [h]e came to, [Plaintiff] found that [he] had been transferred to Beth Israel Medical Center." (*Id.*) At Beth Israel Medical Center, Plaintiff's wallet was returned to him (without his "identification photographs"), along with $12 in cash. (*Id.*) Plaintiff has "been unable to recover the balance of [$185]" that was removed from his wallet. (*Id.*)

B. Procedural History

Plaintiff filed the initial Complaint in this Action on January 5, 2015. (Dkt. No. 1.) On February 18, 2015, Plaintiff filed an Amended Complaint. (Dkt. No. 6.) On March 4, 2015, then-Chief Judge Loretta A. Preska issued an Order To Amend, dismissing certain Defendants, identifying deficiencies in Plaintiff's Amended Complaint, and instructing Plaintiff to again amend his Complaint. (Dkt. No. 7.) On March 10, 2015, Plaintiff filed an Amended Complaint, (Dkt. No. 9), which Judge Preska found was still deficient; Plaintiff was thus ordered to again

---

[4] The Court notes that the above-mentioned "Sergeant Tacco" and "Derek or Derrick Storey" are not named as defendants in this Action.

3

file an amended pleading, (Dkt. No. 10). On April 9, 2015, Plaintiff filed the Second Amended Complaint, the operative complaint in this Action. (Dkt. No. 11.)

On May 15, 2015, Plaintiff's Action was transferred to this Court. (Dkt. (entry May 15, 2015).) On May 20, 2015, the Court issued an Order To Show Cause as to why certain Defendants should not be dismissed, as Plaintiff's claims against those Defendants were filed on behalf of Plaintiff's brother's estate. (Dkt. No. 13.) The Court simultaneously issued an Order of Service with respect to the remaining Defendants, granting Plaintiff 60 days to effect service. (Dkt. No. 14.) More than a year later, on June 30, 2016, the Court issued (1) a second Order To Show Cause why the Action should not be dismissed in its entirety for failure to prosecute, (Dkt. No. 17), and (2) an Order dismissing those Defendants named in the Court's May 20, 2015 Order To Show Cause, (Dkt. No. 18).

In a letter filed on July 13, 2016, Plaintiff informed the Court that he "never received" the "U.S. Marshals Service Process Receipt and Return Forms" to serve Defendants, (Dkt. No. 19), and on July 18, 2016, the Court thus ordered that new forms be sent to Plaintiff and granted Plaintiff 60 additional days to complete service, (Dkt. No. 20). In a letter filed September 13, 2016, Plaintiff informed the Court that he once again did not receive the forms, (Dkt. No. 21), and the Court again granted Plaintiff 60 days to effect service on Defendants, (Dkt. No. 22). In December 2016, nearly two years after the initiation of this Action, Plaintiff successfully served Defendants. (Dkt. Nos. 34–35, 42–43.)

On January 24, 2017, the City filed its Motion To Dismiss and accompanying papers, (Dkt. Nos. 31–33), and on January 31, 2017, Queens Hospital Center filed its Motion To Dismiss and accompanying papers, (Dkt. Nos. 36–38). Plaintiff did not file an opposition to either Motion and Defendants did not file papers in reply.

II. Discussion

A. Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, alteration, and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the

hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (internal quotation marks omitted)); *Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013) ("In reviewing a dismissal pursuant to Rule 12(b)(6), we . . . accept all factual allegations in the complaint as true . . . ." (alteration and internal quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted). In deciding a motion to dismiss a pro se complaint, it is appropriate to consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a court may consider "factual allegations made by a pro se party in his papers opposing the motion" (italics omitted)). However, "the liberal treatment afforded to pro se

litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and internal quotation marks omitted)).

  B. Analysis

    1. The City of New York

The City argues that "[P]laintiff's claims against the City are time-barred" and, accordingly, must be dismissed. (Mem. of Law in Supp. of Defendant City's Mot. To Dismiss the Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) 2 (Dkt. No. 32).) The Court agrees.

Section 1983 does not provide for a specific statute of limitations; courts therefore apply the statute of limitations for personal injury actions under state law. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (same); *Vasconcellos v. City of New York*, No. 12-CV-8445, 2014 WL 4961441, at *4 (S.D.N.Y. Oct. 2, 2014) (same). Under New York law, the statute of limitations for personal injury claims is three years. *See* N.Y. Civ. Practice Law and Rules § 214(5) ("The following actions must be commenced within three years: . . . an action to recover damages for a personal injury . . . ."); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (stating that in § 1983 actions brought in New York, the applicable limitations period is found in the state statute of limitations for personal injury actions and that the period is three years). "Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations," *Hogan*, 738 F.3d at 517, which begins to accrue "when the plaintiff knows or has reason to know of the harm," *Shomo*, 579 F.3d at 181 (internal quotation marks omitted).

7

Plaintiff filed his original Complaint in this Action on January 5, 2015, more than 15 years after the alleged violations occurred. (Compl. (Dkt. No. 1).) Plaintiff's allegations that "on numerous occasions" from "July 1998–April 27, 1999" he was "stopped by the police, for no apparent reason," and his claims that an "[u]nlawful invasion" and an "[u]nprovoked attack" occurred on January 28 and April 27, 1999, respectively, (SAC 14–15), are barred by the three-year statute of limitations unless there is a basis for equitable tolling of Plaintiff's claims.

"The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim have ceased to be operational." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (internal quotation marks omitted). To rely on the doctrine of equitable tolling, a plaintiff must establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

Judge Preska's Order To Amend specifically instructed that Plaintiff "must address the timeliness issue and allege any available facts showing that the statute of limitations should be equitably tolled." (Order To Amend 6 (Dkt. No. 7).) In response, Plaintiff's SAC contains a hand-written section titled "With Respect to Timeliness." (SAC 22–23.) In this section, Plaintiff alleges that he "was arrested for the crimes for which [he is] now incarcerated . . . on April 27, 1999" and that "[t]he dates of [his] complaints against the City of New York . . . all occurred around that date." (*Id.* at 22.) Plaintiff further claims that he "mentioned these matters to [his] assigned [trial] counsel . . . and was told to[] forget about these matters as they were irrelevant." (*Id.*) The remainder of the "With Respect to Timeliness" section of the SAC addresses the various jobs that Plaintiff held "[b]etween [his] 1999 arrest for these charges and [him] finishing

8

parole for [his] last felony" and his decision to include certain Defendants in this Action. (*Id.* at 22–23.)

Plaintiff is not entitled to a tolling period for the time he was incarcerated, regardless of the fact that his incarceration occurred immediately after the alleged violations. "'[T]he usual problems inherent in being incarcerated' are insufficient to warrant equitable tolling." *Woodason v. United States*, Nos. 13-CV-2020, 10-CR-1156, 2014 WL 657529, at *1 (S.D.N.Y. Feb. 20, 2014) (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)). As is evidenced by Plaintiff's initiation of the instant Action during his current incarceration, Plaintiff could have timely filed the Complaint despite his imprisonment.

As to Plaintiff's claims that he "mentioned these matters to [his] assigned counsel," Plaintiff fails to explain how his counsel's alleged suggestion that Plaintiff "forget about these matters as they were irrelevant" shows that he is entitled to equitable tolling of these claims. (SAC 22.) It appears to the Court that counsel was suggesting that the matters were "irrelevant" to the charges upon which Plaintiff was being tried. However, even if Plaintiff was implying that counsel's advice was in error, such a circumstance would not warrant equitable tolling. *See, e.g.*, *Baldayaque*, 338 F.3d at 152 ("[N]ormal errors made by attorneys may not justify equitable tolling"); *Walker v. Graham*, 955 F. Supp. 2d 92, 103 (E.D.N.Y. July 2, 2013) ("[E]rroneous advice of a licensed attorney[] does not qualify as an extraordinary circumstance warranting equitable tolling."); *Smaldone v. Senkowski*, No. 99-CV-3318, 2000 WL 1134391, at *5 (E.D.N.Y. Aug. 3, 2000) (noting "courts have . . . rebuffed claims for equitable tolling . . . based on attorney error" and collecting cases), *aff'd*, 273 F.3d 133 (2d Cir. 2001).

Because Plaintiff has not established that he is entitled to equitable tolling of his claims, the claims against the City are dismissed.

2. Queens Hospital Center

Queens Hospital Center contends that Plaintiff's claims are "time barred by all applicable statute of limitation periods," (Queens Hosp. Ctr.'s Mem. of Law in Supp. of Mot. To Dismiss 1 (Dkt. No. 38)), and otherwise fail to state a claim for which relief can be granted, (*see id.* at 4–7).

Plaintiff's claims against Queens Hospital Center stem from a visit that occurred on March 4, 1999, during which Plaintiff alleges to have been "given an injection of some substance which rendered [him] unconscious." (SAC 15.) Plaintiff avers that he has "been unable to recover the . . . [$185]" that was allegedly taken from his wallet while he was at Queens Hospital Center and subsequently transferred to Beth Israel Medical Center. (*Id.*) Plaintiff seeks to recover the $185 "that 'disappeared' when [he] was confined in Queens Hospital Center." (*Id.* at 18.)

Plaintiff's claims against Queens Hospital Center are similarly time barred for the reasons stated *supra* as applied to the City, and therefore are dismissed. Likewise, Plaintiff has not identified any basis for equitable tolling.

To the extent Plaintiff alleges a state-law claim for theft against Queens Hospital Center, the Court declines to exercise supplemental jurisdiction over that claim because the Court has dismissed Plaintiff's federal claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *McGugan v. Aldana-Bernier*, No. 11-CV-342, 2012 WL 1514777, at *8 (E.D.N.Y. Apr. 30, 2012) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice."), *aff'd*, 752 F.3d 224 (2d Cir. 2014).

C. Dismissal With Prejudice

A complaint should be dismissed without prejudice if the pleading, "'liberally read,' suggests that the plaintiff has a claim that []he has inadequately or inartfully pleaded and that []he should therefore be given a chance to reframe." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (alterations and citation omitted) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). If a complaint, however, has substantive problems and "[a] better pleading will not cure [them]," "[s]uch a futile request to replead should be denied." *Id.* (citing *Hunt v. All. N. Am. Gov't Income Tr.*, 159 F.3d 723, 728 (2d Cir. 1998)). Courts are especially wary of giving a plaintiff multiple "bites at the apple" where the plaintiff has already been granted leave to amend. *See Anthony v. Brockway*, No. 15-CV-451, 2015 WL 5773402, at *3 (N.D.N.Y. Sept. 30, 2015) ("[The] [p]laintiff has already been given one opportunity to amend his complaint . . . , and there is nothing in his second amended complaint suggesting that [he] could do better given another opportunity."); *Al-Qadaffi v. Servs. for the Underserved (SUS)*, No. 13-CV-8193, 2015 WL 585801, at *8 (S.D.N.Y. Jan. 30, 2015) (denying leave to amend where "[the plaintiff] has already had one chance to amend his [c]omplaint, and there is still no indication that a valid claim might be stated if given a second chance"), *aff'd*, 632 F. App'x 31 (2d Cir. 2016); *Bui v. Indus. Enters. of Am., Inc.*, 594 F. Supp. 2d 364, 373 (S.D.N.Y. 2009) (dismissing an amended complaint with prejudice where the plaintiff failed to cure the deficiencies identified in his initial complaint despite "being given ample opportunity to do so").

Here, Plaintiff has already amended his pleadings three times, (Dkt. Nos. 6, 9, 11), once in response to substantive and specific instruction from the Court to address the timeliness of his claims, (*see generally* Order To Amend). There is no reason to suspect that, given another

11

opportunity to amend, Plaintiff will be able to cure the substantive deficiencies in his SAC. Therefore, Plaintiff's claims are dismissed with prejudice.

### III. Conclusion

In light of the foregoing, Defendants' Motions To Dismiss are granted and Plaintiff's claims against the City of New York and Queens Hospital Center are dismissed with prejudice.

The Clerk of Court is respectfully requested to terminate the pending Motions. (Dkt. Nos. 31, 36.)

SO ORDERED.

DATED: May 10, 2017
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

12